[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
A jury found defendant-appellant Chris Larkins guilty of aggravated robbery in violation of R.C. 2911.01(A)(1), robbery in violation of R.C.2911.02(A)(2), and two gun specifications. The robbery was merged with the aggravated robbery for the purpose of sentencing. Larkins was sentenced to three years for the aggravated robbery and to a consecutive term of three years on the attendant gun specifications, to be served prior to the aggravated-robbery sentence. Larkin now appeals, raising two assignments of error, neither of which we find to be well taken.
On May 30, 2001, Robert Madaris was driving in Springfield Township on Sevenhills Drive. He stopped and got out of his car to make a call on his friend's cellular phone. Four men in a car approached him. They got out of the car, and Larkins, one of the four, pointed a gun at Madaris and ordered him to turn over a gold chain with a diamond pendant. Madaris complied. Larkins gave the chain to the other three men in the car, who then drove away while Larkins fled on foot. After chasing the car, Madaris called the police. Later that day, Madaris identified the three men who were in the car in a live lineup. His gold chain was found in the car. The next day Madaris identified Larkins in a photographic lineup.
In his first assignment, Larkins alleges that the jury's verdict was against the manifest weight of the evidence. More specifically, he contends that the jury lost its way because no credible evidence was presented that he had committed the robbery, or that he had possessed a gun that was operable.
In deciding if a conviction is against the manifest weight of the evidence, we consider and weigh all the evidence produced at trial to determine whether the state met its burden of persuasion.[1] Even so, we must still defer to the trier of fact's superior ability to assess credibility.[2] With respect to the proof of operability for a firearm, evidence may be presented to demonstrate either an express or implied threat to use the firearm; an express threat is not required.[3]
In this case, there were conflicts in the evidence presented at trial about whether Larkins had robbed Madaris or whether Larkins had purchased drugs from Madaris. Rashan Murphy testified that Larkins had purchased drugs from Madaris and that Larkins had not pointed a gun at Madaris. Madaris testified that Larkins had pointed a gun at his chest and ordered him to turn over his necklace. The testimony of a witness, Earl Coleman, and one of the offenders in the car, Eddie Jones, was consistent with Madaris's
testimony. Given that, we cannot say that the jury lost its way and created a manifest miscarriage of justice in believing the testimony presented by Madaris, Coleman, and Jones. We accordingly hold that Larkins' conviction for aggravated robbery, with the attendant firearm specifications, was not against the manifest weight of the evidence. The first assignment is overruled.
In his second assignment, Larkins contends that the trial court imposed consecutive sentences without making the necessary findings under R.C.2929.14(E)(4). Pursuant to R.C. 2929.14(E)(1)(a), if a mandatory prison term is imposed pursuant to R.C. 2929.14(D)(1)(a) for having a firearm on or about the offender's person or under his control while committing a felony, "the offender shall serve any mandatory prison term * * * consecutively to and prior to any prison term imposed for the underlying felony * * *." R.C. 2929.14(D)(1)(a)(ii) provides that a three-year prison term shall be imposed on an offender who is convicted of a felony and is also convicted of a specification of the type described in R.C.2941.145. Because Larkins was convicted of a felony, aggravated robbery, and because he was convicted of two gun specifications, one of which was of the type described in R.C. 2941.145, the trial court was required, as a matter of law, to impose a three-year prison term that was consecutive to the sentence for the underlying felony.
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547.
[2] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[3] See State v. Thompkins, supra, at 385, 678 N.E.2d at 545-546;State v. Murphy (1990), 49 Ohio St.3d 206, 551 N.E.2d 932.